UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| MICHELLE GREEN, in her individual capacity, and AS NEXT FRIEND OF HER MINOR CHILD, D.G., | ) ) Civil Action No. 10-cv-89-JMH ) ) |
| Plaintiff, | ) ) |
| v. | ) **MEMORANDUM OPINION AND ORDER** ) ) |
| NICHOLAS COUNTY SCHOOL DISTRICT and JOSEPH FRANCIS ORAZEN, in his individual capacity, | ) ) ) ) |
| Defendants. | ) ) ) |

\*\*   \*\*   \*\*   \*\*   \*\*

Defendant Nicholas County School District has filed a Motion to Dismiss [Record No. 5], Plaintiff has responded [Record No. 7], and Defendant has replied [Record No. 9]. This motion is now ripe for decision.

**I.   FACTUAL BACKGROUND**

Plaintiff Michelle Green, in her individual capacity and as next friend of her minor child D.G., filed a complaint averring violations of 42 U.S.C. § 1983, as well as pendent state claims for intentional infliction of emotional distress, negligence, assault, and battery against Defendants Nicholas County School District and Joseph Francis Orazen, in his individual capacity, seeking damages and declaratory and injunctive relief. [Record No. 1]. Plaintiff avers D.G. was "going back" to Nicholas County High School to get

his coat and cell phone. *Id.* at para. 11. Plaintiff states Orazen, principal at Nicholas County High School, stopped D.G. from entering the building, grabbed him, and moved him into a corner outside the view of a security camera slamming him on the ground twice. *Id.* at paras. 10-16. Plaintiff avers Orazen then held D.G. down on the ground and called the police. *Id*. at para. 17. The Complaint further states that Orazen took these actions "under his authority as the principal of Nicholas County High School" and that D.G.'s fellow students taunted him after the incident. *Id.* at para 18. Plaintiff also avers D.G. had trouble sleeping and did not want to return to Nicholas County High School and that Michelle Green went through extreme emotional distress upon "hearing the news from D.G. about his experience at school." *Id*. at paras. 19-21.

While Defendant Orazen has filed an answer, Defendant Nicholas County School District has filed a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim. [Record No. 2], [Record No. 5-1]. Defendant Nicholas County School District argues that it is entitled to governmental immunity under the Kentucky Constitution, that it is not a "person" subject to suit under 42 U.S.C. § 1983 asserting immunity under the Eleventh Amendment to the Federal Constitution, and that it had no policy or custom in place that led to any deprivation of Plaintiff's constitutional rights. [Record No. 5-1]. Defendant

further argues that Plaintiff has not averred sufficient facts to indicate a deprivation of substantive due process rights guaranteed under the Fourteenth Amendment to the United States Constitution and other claims sounding in state law. *Id.* Before considering Defendant's argument surrounding the state law tort claims made against the Nicholas County School District, this Court will first consider Defendant's argument with regard to Plaintiff's lone federal claim that the Nicholas County School District violated 42 U.S.C. § 1983.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. Fed. R. Civ. P. 12(b)(6). The Court views the complaint in the light most favorable to the plaintiff and "must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner. v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997). Factual allegations must support legal conclusions in Plaintiff's complaint before this Court may "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

3

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim that is plausible on its face," then the claims must be dismissed. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 542 (6th Cir. 2007); *Our Lady of Bellefonte Hospital, Inc. v. Tri-State Physicians Network, Inc.*, No. 06-141-HRW, 2007 WL 2903231, *2 (E.D. Ky. Sept. 27, 2007). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief" as required by Federal Rules of Civil Procedure Rule 8(a)(2). *Iqbal*, 129 S. Ct. at 1950 (citing Fed. R. Civ. P. 8(a)(2)); Fed. R. Civ. P. 8(a)(2)("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . .").

A complaint, therefore, must lay out "more than a 'forumulaic recitation of the elements' of a . . . claim." *Iqbal*, 129 S. Ct. at 1951 (citation omitted). Instead, the complaint must establish "enough fact to raise a reasonable expectation that discovery will reveal evidence" to show the averments are factually plausible. *Twombly*, 550 U.S. at 556. In making this determination, this Court presumes all factual allegations to be true and "reasonable inferences must be made in favor of the non-moving party," though

the Court does not have to accept "unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008)(citations omitted). If the "complaint does not contain any factual allegation sufficient to plausibly suggest" each essential element of the averred violation, it does not contain enough "factual content to 'nudge' [the claim] 'across the line from conceivable to plausible" and must be dismissed. *Iqbal*, 129 S. Ct. 1937, 1953 (citing *Twombley*, 550 U.S. at 570).

**III. ANALYSIS**

    **A. The Nicholas County School District is a "person" subject to suit under 42 U.S.C. § 1983 and not entitled to Eleventh Amendment immunity.**

Initially, this Court holds that the Nicholas County School Board may not assert Eleventh Amendment immunity and is a "person" subject to suit under 42 U.S.C. § 1983. "Municipalities and other local governmental bodies are 'persons' within the meaning of § 1983." *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)(citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 689 (1978)). Governmental bodies, which are arms of the state, may, however, assert Eleventh Amendment immunity from suit. *Hall v. Medical College of Ohio*, 742 F.2d 299, 301 (6th Cir. 1984); U.S. Const. amend XI. Defendant argues in its motion that this Court should reconsider its previous holding in *B.M. v. Bd. of Educ.*, No. 5:07-153-JMH, 2008 U.S. Dist. LEXIS 66645 (E.D. Ky. Aug. 29, 2008),

that school districts are neither arms of the state nor due Eleventh Amendment immunity. Having considered Defendant's argument, this Court remains persuaded that school districts are political subdivisions that cannot assert Eleventh Amendment immunity.

Courts in this district, as recognized by the Sixth Circuit, have long held that local school districts are not arms of the state and thus, may not assert immunity from suit under the Eleventh Amendment. *Janes v. Bardstown City Sch. Bd. of Educ.*, No. 95-5531, 1996 U.S. App. LEXIS 24997, at *13-13 (6th Cir. 1996)(citing *Doe v. Knox County Bd. of Educ.*, 918 F. Sypp 181 (E.D. Ky. 1996)(Coffman J.); *Tolliver v. Harlan County Bd. of Educ.*, 887 F. Supp 144 (E.D. Ky. 1995)(Bertelsman, J.); *Blackburn v. Floyd County Bd. of Educ.*, 749 F. Supp 159 (E.D. Ky. 1990)(Hood, J.)). Furthermore, this Court has previously rejected the argument that a change in Kentucky law brought about by the Kentucky Supreme Court's decision in *Williams v. Ky. Bd. of Educ.*, 113 S.W.3d 145 (Ky. 2003), "would merit a change in this Court's evaluation of the relative autonomy with which local school boards are vested in Kentucky or their lack of status as an arm of the state in the eye of this Court."[1] *B.M. v. Bd. of Educ.*, No. 5:07-153-JMH, 2008 U.S.

---

[1] The Nicholas County School District argues the Kentucky Supreme Court's decision in *Williams v. Ky. Dep't of Educ*, 113 S.W.3d 145 (Ky. 2003), defines the local school district as an alter ego of the state and requires a plaintiff to make claims upon the state treasury through the Kentucky Board of Claims. [Record

Dist. LEXIS 66645, at *11 (E.D. Ky. Aug. 29, 2008). Defendant has failed to raise any change in the law since this Court's previous ruling on this issue that would merit a change. This Court, therefore, again holds that local school districts are political subdivisions that may not assert Eleventh Amendment immunity.

**B. Plaintiff has not averred facts showing Defendant's policy or custom directly caused a deprivation of D.G.'s Fourteenth Amendment rights.**

This Court finds, however, that Plaintiff has not averred factual allegations sufficient to make a plausible claim that the policies or customs of the Nicholas County School District caused a deprivation of D.G's constitutional rights. The Supreme Court has made it clear that:

> a local government cannot be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

---

No. 5-1, p. 6-7](citing *Williams*, 113 S.W.3d 145). The United States Supreme Court, however, has held state law cannot immunize a political subdivision from liability under 42 U.S.C. § 1983. *Howlett v. Rose*, 496 U.S. 356, 376-77 (1990). Furthermore, the Kentucky Supreme Court based its ruling on state governmental immunity. *Williams*, 113 S.W.3d 145. In doing so, the Kentucky Supreme Court did not strip away the autonomy of the local school district to take actions within the confines of state law nor require the Plaintiff to make a federal claim on the state treasury. *Id.* This Court, therefore, held that *Williams v. Bd. of Educ.* did not require this Court to find local school districts are an arm of the state capable of asserting Eleventh Amendment immunity. *B.M. v. Bd. of Educ.*, No. 5:07-153-JMH, 2008 U.S. Dist. LEXIS 66645, *8-*11 (E.D. Ky. 2008); *Williams*, 113 S.W.3d 145.

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). As a result, this Court's "first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Thus, while the Nicholas County School District may face liability under 42 U.S.C. § 1983, "that § 1983 liability cannot be premised on a theory of respondeat superior" as argued by Defendants. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003)(citing *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995)). Instead, "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury" to ensure the municipality is liable only for "the decisions of its duly constituted legislative body" or practices "so widespread as to have the force of law." *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997)(quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 694 (1978)). This Court finds Plaintiff's averments, however, do not make a factually plausible claim that the Nicholas County School District's customs or policies led to Plaintiff D.G.'s injuries.

While Plaintiff argues in its Motion that the district tolerated the actions of Orazen and took no affirmative action to remedy the situation caused by the Nicholas County High School

principal, this Court finds these averments do not make out a plausible claim of a Nicholas County School District policy or custom directly causing a deprivation of Plaintiff's constitutional rights. [Record No. 7, p. 6-7]. This Court agrees with Plaintiff that:

> In order to prove the existence of a municipality's illegal policy or custom, a plaintiff can refer to: [']( 1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.[']

[Record No. 7, p. 6](quoting *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009)). However, the Sixth Circuit Court of Appeals has held as follows:

> To state a municipal liability claim under an "inaction" theory, Plaintiff must establish: (1) the existence of a clear and persistent pattern of [constitutional violations] by municipal employees; (2) notice or constructive notice on the part of the [municipality]; (3) the [municipality's] tacit approval of the unconstitutional conduct, such that its deliberate indifference in its failure to act can be said to amount to an official policy of inaction; and (4) that the [municipality's] custom was the "moving force" or direct causal link in the constitutional deprivation.

*Arendale v. City of Memphis*, 519 F.3d 587, 599-600 (6th Cir. 2008)(citations omitted).

Taking Plaintiff's averments as true and making all reasonable inferences in favor of the Plaintiff, this complaint does not state a factually plausible claim that Defendant's inaction evidenced an official policy of the Nicholas County School District. First,

9

neither the Nicholas County School District, nor any reference to the district, appears even once in the factual averments set forth in Plaintiff's Complaint. [Record No. 1, paras. 8-22]. Rather, the complaint's factual allegations only refer to Orazen, D.G., and Green. *Id.* The complaint also makes no mention of any notice of the event on the party of the Nicholas County School District nor tacit approval of Orazen's action or inaction. Finally, Plaintiff also fails to establish any persistent pattern of constitutional violations by the school district. Thus, Plaintiff makes no averment that Defendant's inaction directly caused the averred violation of D.G.'s constitutional rights. This Court, therefore, shall grant Defendant Nicholas County School District's Motion to Dismiss and Plaintiff's claim that the Nicholas County School District violated 42 U.S.C. § 1983 shall be dismissed with prejudice.[2]

**C. This Court will not consider Plaintiff's pendent state claims.**

As this Court has decided to dismiss Plaintiff's lone federal claim, this Court shall also not consider state defenses and state claims raised in said motion and Plaintiff's complaint. 28 U.S.C.

---

[2] This dismissal with prejudice applies not only to Plaintiff's request for damages against Defendant Nicholas County School District but also to their request for declaratory and injunctive relief. As recently stated by the United States Supreme Court, the policy or custom requirement applies equally to 42 U.S.C. § 1983 suits requesting damages as well as 42 U.S.C. § 1983 suits requesting injunctive and declaratory relief. *L.A. County v. Humphries*, 562 U.S. ____ (2010).

§ 1367 provides, in pertinent part, that "[t]he district courts may decline to exercise supplemental jurisdiction [over all other claims that form part of the same case or controversy] if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). Further, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996)(stating the dictum in *Gibbs* generally remains valid when analyzing whether state claims should be dismissed under 28 U.S.C. § 1367). Thus, the Sixth Circuit has held when a court dismisses a case under Rule 12(b)(6), "there is a strong presumption in favor of dismissing supplemental claims" which can only be overcome in "'unusual circumstances' [that] must include 'some prejudice arising from relegating the case for trial in the state court.'" *Fed. Express Corp.*, 89 F.3d at 1255 (citations omitted). This Court finds no such prejudice exists as Plaintiff's federal claim made under 42 U.S.C. § 1983 and state law claims "are conceptually distinct, and resolution of one does not affect resolution of the other." *Id.* at 1256. Furthermore, this Court does not maintain exclusive jurisdiction over the remaining claims nor does Plaintiff face any federal preemption issues in state

11

court.  *See id.*  Therefore, while Defendant makes arguments invoking governmental immunity under the Kentucky constitution and other arguments relating to Plaintiff's failure to state a claim under Kentucky law, this Court, pursuant to 28 U.S.C. § 1367(c)(3), exercises its discretion not to make "[n]eedless decisions of state law," and shall dismiss without prejudice Plaintiff's remaining claims against the Nicholas County School District.  28 U.S.C. § 1367(c)(3); *Gibbs*, 383 U.S. at 726.

## IV. CONCLUSION

As set forth above, this Court finds the Nicholas County School District is a "person" subject to suit 42 U.S.C. § 1983 but does not enjoy immunity under the Eleventh Amendment.  Further, Plaintiff has not averred any policy or custom on the part of the Nicholas County School District that led to any violation of Plaintiff D.G.'s constitutional rights. Finally, this Court shall exercise its discretion, granted under 28 U.S.C. § 1367, to dismiss Plaintiff's pendent state claims against Defendant Nicholas County School District as this Court has dismissed Plaintiff's lone federal claim against Defendant Nicholas County School District.

Accordingly, **IT IS ORDERED**:

(1)  that Defendant Nicholas County School District's Motion to Dismiss [Record No. 5-1] is **GRANTED**;

(2)  that Plaintiff's claims averring "Violation of 42 U.S.C. § 1983" by Defendant Nicholas County School District is **DISMISSED**

**WITH PREJUDICE**; and

(3) that all remaining claims against Defendant Nicholas County School District are **DISMISSED WITHOUT PREJUDICE**.

This the 15th day of December, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge